UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELIZABETH MARIE BASTA,

                          Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
----------------------------------------------------------------X

FILED
CLERK
3/23/2021 10:50 am
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
21-CV-0896 (JMA)

**AZRACK, United States District Judge:**

      Before the Court is the <u>in forma pauperis</u> application filed by counsel on behalf of plaintiff, Elizabeth Marie Basta ("Plaintiff"). For the reasons that follow, the application to proceed <u>in forma pauperis</u> is denied without prejudice and with leave to renew upon completion of the AO 239 Long Form <u>in forma pauperis</u> application ("Long Form") attached to this Order. Alternatively, Plaintiff may remit the $402.00 filing fee.

      To qualify for <u>in forma pauperis</u> status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." <u>Adkins v. E.I. Du Pont De Nemours & Co.</u>, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed <u>in forma pauperis</u> is to ensure that indigent persons have equal access to the judicial system. <u>Davis v. NYC Dept. of Educ.</u>, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing <u>Gregory v. NYC Health & Hospitals Corp.</u>, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for <u>in forma pauperis</u> status is within the discretion of the district court. <u>DiGianni v. Pearson Educ.</u>, 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing <u>Choi v. Chemical Bank</u>, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)).

The court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application is incomplete and raises more questions than it answers. (See Docket Entry 4.) Although Plaintiff reports that she is unemployed, owns nothing of value, and has less than a dollar in cash or in a checking or savings account, she reports that she lives with, and appears to be supported by, her parents. (Id. ¶¶ 2, 4-6.) Plaintiff declined to provide any financial information concerning her regular monthly expenses for items such as transportation, food, utilities, and insurance. (Id. ¶ 6.) Indeed, although Plaintiff reports that she leases a car, she has provided no information concerning that expense. (Id. ¶ 5.)

Given the responses provided by plaintiff, the Court's finds that she does not qualify for in forma pauperis status. See Wrenn v. Benson, 490 U.S. 89, 90 n.4 (1989) (per curiam) (denying leave to proceed in forma pauperis based on review of information contained in the supporting affidavit of indigency); see also Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citation omitted). In addition, "'[i]f it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case,'' then a court properly exercises its discretion to deny the application." Brooks v. Aiden 0821 Capital LLC, No. 19-CV-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting Fridman, 195 F. Supp. 2d at 537).

In an abundance of caution and given that the incomplete responses provided by Plaintiff,

2

her application is denied without prejudice and with leave to renew upon completion of the Long Form application enclosed with this Order within twenty-one (21) days from the date of this Order. Plaintiff shall substitute the financial information for her parents in place of "spouse" where it calls for such information on the Long Form.   Alternatively, Plaintiff may remit the $402.00 filing fee. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated:         March 23, 2021
                    Central Islip, New York

                                                                    /s/ (JMA)
                                                            JOAN M. AZRACK
                                                            UNITED STATES DISTRICT JUDGE